**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**NERY BARRIOS**
an individual,

Plaintiffs,

v.

**KAMPS INC.**
Domestic Profit Corporation,
**OCCUGUIDES USA LLC,**
Foreign Limited Liability Company,
jointly and severally

Defendants.

Hon.
Case No.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint state as follows:

1. This is a civil action brought on behalf of Plaintiff, and all other similarly situated to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

4. Plaintiff is similarly situated with other employees who worked for or are working for Defendants who were not compensated the mandated minimum wage or overtime premium for all hours worked in excess of forty (40) in a work week.

5. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages and, an award of liquidated damages, and an award of attorney's fees and costs.

6. Defendants, likewise, have not and do not compensate the mandated overtime premium rate to other similarly situated workers. Plaintiff brings a Collective and Class Action to recover overtime compensation owed to himself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

9. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

10. Employees of Defendant Kamps Inc. ("Kamps") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

11. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

12. Defendant Kamps Inc.'s annual gross volume of sales made or business done is not less than $500,000.

13. Defendant Kamps Inc. employs more than two persons.

14. Defendant Occuguides Usa LLC ("Occuguides") employs more than two persons.

15. Defendant Kamps Inc. is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Lansing, Michigan, within the United States Judicial District of the Western District of Michigan.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

17. Plaintiff Nerri Barrios Torres is an individual who at all times relevant to this complaint resided in the County of Ingham, State of Michigan, and whose consent to sue is attached to *Exhibit A*.

18. Defendant Kamps Inc. (hereinafter referred to as "Kamps") is a domestic limited liability company whose registered office is located at 3140 Belle Chase Way Ste 600, Lansing Michigan, 48911.

19. Defendant Kamps Inc. is a company that offers, *inter alia,* Commercial Pallet Company, and Pallet Supplier that does business in Lansing Michigan.

20. Defendant Occuguides USA, LLC is a company that outsources HR Solutions spanning RPO, Staffing, PEO, and Outplacement.

21. Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

22. Defendant Kamps employed Plaintiff from approximately the end of March 2022 through April 17, 2023.

23. Plaintiff's job responsibility was to make New Pallets.

24. Plaintiff would be required to 500 Palettes a Day.

25. Plaintiff work from Monday through Friday from 5 am to 2 pm, and there was the occasional Saturday from 5 am - 10 pm.

26. Plaintiff would average 50 plus hours work weeks.

27. Plaintiff would track how many pallets he would complete in the day and turn it in to Defendants each day.

28. Plaintiff's wage increased throughout his employment and was compensated between $0.75 and $1.00.

29. Towards the end of his employment his supervisor stated that he would be compensated $1.00 for each palette.

30. When Plaintiff received his checks he noticed that his compensation was not correct.

31. Plaintiff complained about not being paid overtime on several occasions.

32. Two to three days before he was fired he complained about his compensation.

33. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

34. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## WILLFUL VIOLATIONS OF THE FLSA

35. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by his failure to compensate Plaintiff at the statutory overtime rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

36. Defendants are a sophisticated business and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

37. Defendants utilized their business to subvert their obligations under state and federal law.

38. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fees.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff realleges and incorporates herein all previous paragraphs.

40. All claims set forth in all Counts of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants at any

5

time in the three years prior to the filing of this action at any of their locations in various states, and 2) were or are subject to the violations of the FLSA described in Count I. Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

41. With respect to all Counts, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

42. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiff, and his claims are based upon the same legal theory as the individually named Plaintiff.

43. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over 100 individuals.

44. The class of individuals spans all employees who worked for Defendants in any of their locations throughout the United States.

45. As such, the class of similarly situated Class Members are properly defined as follows:

    *Current and former employees of Kamps Inc. who were not paid the required overtime premium of time-and-a-half for hours worked in excess of 40 hours during a workweek.*

    Plaintiffs reserve the right to amend this definition as necessary.

## COUNT I

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME**

46. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

47. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

48. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

49. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(g).

50. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times his regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

51. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq*., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

52. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

53. Defendants' violations of the FLSA were knowing and willful.

54. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA employees are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

55. As a result of the Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)
### DEFENDANTS' UNLAWFUL RETALIATION

56. Plaintiff realleges and incorporates all previous paragraphs.

57. Defendant Kamps, terminated Plaintiff's employment and has taken action in retaliation of Plaintiff inquiring about Defendant's pay practice.

58. Defendant Kamps termination of employment constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

59. Defendants knowingly, willfully, maliciously, intentionally, and without justification acted to deprive Plaintiff of his rights.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of his obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of his obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E.   Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

F.   Defendants to be found to have unlawfully retaliated against Plaintiff;

G.   The Court grants such other and further relief as the Court may deem just or equitable.

Date: June 07 2023,                    Respectfully Submitted,

*/s/   Robert Anthony Alvarez*          .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiffs, by and through his attorney, and hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: June 07 2023,                    Respectfully Submitted,
*/s/   Robert Anthony Alvarez*          .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

9

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 05-12-23     /s/ Nery Barrios Torres

Nery Barrios Torres