UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NERY BARRIOS,
an individual,

    Plaintiff,

v.

KAMPS INC.
Domestic Profit Corporation,
OCCUGUIDES USA LLC,
Foreign Limited Liability Company,
jointly and severally

    Defendants.

Hon. Hala Y. Jarbou
Magistrate Judge Phillip J. Green

Case No. 1:23-CV-00584

---

AVANTI LAW GROUP, PLLC
Robert Anthony Alvarez (P66954)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

JACKSON LEWIS P.C.
Allan S. Rubin (P44420)
Benjamin D. Wu (P85635)
Attorneys for Defendants
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
allan.rubin@jacksonlewis.com
benjamin.wu@jacksonlewis.com

---

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION
TO APPROVE SETTLEMENT**

Now come the parties jointly, by and through their respective counsel, and move this Court for an order approving settlement and in support of their Motion state as follows:

1. On June 7, 2023, Plaintiffs sued Defendant in the United States District Court for the Western District of Michigan, in which Plaintiff sought relief for, among other things, alleged violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §§ 201 et seq. Defendants timely answered the Complaint.

1

2. During the litigation the parties exchanged discovery, including initial disclosures, interrogatories, document requests, and depositions. As a result, hundreds of pages of discovery were exchanged, and four witnesses were deposed.

3. On August 29, 2024, the parties and their counsel appeared for a facilitation with Dean Pacific from Warner Norcross.

4. At facilitation, the parties, all of whom were represented by counsel, resolved the matter, subject to Court approval. The Settlement Agreement is attached as **Exhibit 1.**

5. The Settlement Agreement contains proposed costs and fees to be payable by Defendants to Counsel for Plaintiffs. Plaintiff believes that the costs and fees are reasonable and commensurate with the service rendered by Plaintiff's Counsel, and request that they be approved. Defendant has agreed not to object to the award of the fees requested up to the amount stated in the Settlement Agreement.

6. Upon approval of the Settlement, the parties agree that all claims against Defendants will be dismissed with prejudice and without costs or attorney fees.

7. The parties agree that the settlement is a fair and reasonable resolution of a bona fide dispute over issues arising under the Fair Labor Standards Act ("FLSA"). In particular, although Defendant denies that there were any violations of the FLSA, the settlement sum represents a fair resolution of Plaintiffs claims, should plaintiffs have prevailed on the merits of their case.

8. Because the parties believe that the settlement represents a fair resolution of this matter, they jointly ask that the Court approve the settlement of this action and enter the Order annexed to the submitted agreement as **Exhibit 2**, approving the settlement in its entirety.

9. Pending consideration of this Motion, the parties request that all hearings, discovery,

briefing dates and matters not related to this implementation of the settlement remain stayed.

## **MEMORANDUM OF LAW**

Generally, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (J. Lawson) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Thus, when settling disputes under the FLSA, the parties must submit their agreed-upon settlement to the Court for a determination of whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Snook v. Valley Ob-Gyn Clinic, P.C.*, 2015 U.S. Dist. LEXIS 2989, 1-3 (E.D. Mich. Jan. 12, 2015) (citing *Lynn's Food Stores*, 679 F.2d at 1354-55); *see also Gentrup v. Renovo Servs., LLC*, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at *2 (S.D. Ohio Jun. 24, 2011). "If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Arrington*, 2012 U.S. Dist. LEXIS 157362, *2 (internal citations and quotations omitted); *see Lynn's Food Stores*, 679 F.2d at 1354.

In *Lynn's Food Stores*, the court held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d at 1352. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the

3

settlement for fairness." *Snook*, 2015 U.S. Dist. LEXIS 2989 at * 1-3 (citing *Lynn Food Stores*, 679 F. 3d at 1352).

To determine whether a proposed FLSA settlement is fair and reasonable, courts consider:(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. Snook, *Snook*, 2015 U.S. Dist. LEXIS 2989 at * 2-3, citing *Lynn's Food Stores*, 679 F.2d at 1352-53 (citing *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. General Motors Corp*., 497 F.3d 615, 631 (6th Cir. 2007); and *Granada Invs., Inc. v. DWG Corp*., 962 F.2d 1203, 1205 (6th Cir. 1992)). A district court may choose to consider only the factors that are relevant to the settlement at hand. *Gentrup,* 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at *3.

Once the Court determines that the settlement reflects a reasonable compromise over issues that are disputed, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Williams v. K&K Assisted Living LLC,* 2016 U.S. Dist. LEXIS 9310 *4 ( E.D. Mich. Jan. 27, 2016); *see Lynn Food Stores*, 679 F.2d at 1354; *see also Leverso v. South Tr. Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

In this case the following factors favor settlement:
1. There is no risk of fraud and collusion, as Plaintiff was represented by counsel who litigated aggressively on his behalf;

4

2. Defendants Motion for Summary Judgment was due to be filed on August 30 and had the case not resolved, Defendants intended to file it. Although Defendants were confident in their motion, had it not been granted, both parties faced likely substantial expense and trial;

3. The parties exchanged discovery, deposed relevant witness, and exchanged substantial documents.

4. Both sides raised legal arguments and factual positions that left the merits in dispute as of the date of the settlement.

5. Plaintiff, on the advice of counsel, voluntarily agreed to settle his claim, determining settlement was in his best interests on the agreed terms at mediation with a mediator selected pursuant to the Court's ADR program.

6. While plead a a collective action, notice was neither sought or authorized by the Court and there are no "absent class members;" and

7. The public's interest in judicial economy and amicable dispute resolution favors settlement on the terms voluntarily agreed to by the parties under the purview of a neutral third-party facilitator.

Section 216(b) of the FLSA provides that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Here, the parties agreed to an attorney fee payment in the total amount of $20,000 allocated among cost and fees as follows: $2,272.58. A declaration supporting Plaintiff's request for attorney fees and costs is attached as **Exhibit 3.**

Plaintiffs and Defendants agree that the settlement, the terms of which are set forth in **Exhibit 1**, is a fair and reasonable resolution of a bona fide dispute over FLSA issues for the reasons set forth in the motion above. Thus, the parties jointly request that this Court approve the settlement and enter the order annexed to the submitted agreement as **Exhibit 2.**

**WHEREFORE**, Plaintiffs and Defendants respectfully move this Court for entry of an

5

Order (i) **GRANTING** this Motion; (ii) **APPROVING** the settlement of this matter; and; (iii) **DISMISSING** this action in its entirety with prejudice and without fees or costs, except as in the settlement agreement.

Respectfully submitted,

By: /s/ Robert Anthony Alvarez
AVANTI LAW GROUP, PLLC
Robert Anthony Alvarez (P66954)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

By: /s/Allan S. Rubin with Consent
JACKSON LEWIS P.C.
Allan S. Rubin (P44420)
Benjamin D. Wu (P85635)
Attorneys for Defendants
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
allan.rubin@jacksonlewis.com
benjamin.wu@jacksonlewis.com